UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JIMMEL LESHAWN ADAMS, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:18-cv-00220-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, ) | **&** |
| ) | **ORDER** |
| Respondent. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Jimmel Leshawn Adams is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Adams has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, as well as a motion for leave to proceed *in forma pauperis*. [R. 1; R. 2.] The Court has reviewed the financial information provided by Adams in support of his fee motion and concludes that Adams lacks sufficient income to pay the filing fee. Therefore, Adams's motion to proceed *in forma pauperis* will be **GRANTED**. However, for the reasons that follow, Adams's § 2241 petition will be **DENIED**.

In 2007, Adams was indicted for various crack cocaine and firearm offenses. *See United States v. Adams*, Case No. 3:07-cr-00115-JHM (W.D. Ky. 2007), [R. 1, therein]. During a rearraignment proceeding on March 3, 2008, Adams pleaded guilty to Counts 1 and 3 of the indictment, which charged him with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). At that time, Adams elected not to change his not-guilty plea with respect to Count 2 of the indictment, which alleged a violation of 18 U.S.C. § 922(g) for possessing a gun in

furtherance of drug trafficking. [*See* R. 44 at 13-15, therein.] Several months later, on October 6, 2008, Adams changed his mind and pleaded guilty to Count 2. [*See* R. 51, therein.] The court then sentenced Adams to a total term of 180 months' imprisonment. [R. 59, therein.] Adams did not file an appeal, nor did he file a petition for habeas relief pursuant to 28 U.S.C. § 2255. [*See* R. 1 at 6.] Instead, Adams has now filed a § 2241 petition in this Court, which is subject to preliminary screening pursuant to 28 U.S.C. § 2243.

Upon the Court's preliminary screening, a § 2241 petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Adams's petition under a more lenient standard because he is proceeding *pro se*, and the Court, at this stage of the proceedings, accepts his factual allegations as true and construes all legal claims in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his petition, Adams argues that his plea to Count 2 of the indictment was not truly voluntary and that he is actually innocent of that charge. [R. 1 at 11-15.] This is a challenge to the legality of Adams's conviction, which may only be litigated by way of a 28 U.S.C. § 2241 petition if the savings clause of 28 U.S.C. § 2255(e) applies. While a federal prisoner may challenge the legality of his conviction and sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A narrow exception exists when a prisoner's remedy under 28 U.S.C. § 2255 is inadequate or ineffective and where the prisoner can demonstrate that an intervening change in statutory law establishes his actual innocence. *See Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Although Adams references the *Wooten* exception in his petition, Adams has failed to demonstrate that the exception actually applies in his case. Throughout the petition, Adams admittedly relies on "bedrock constitutional principles governing the entry of a valid guilty plea" to argue he was not properly informed before pleading guilty to Count 2, not a new interpretation of statutory law. [*See* R. 1 at 11.] And Adams also claims his plea did not satisfy the statutory requirements set forth in a 1998 amendment to 18 U.S.C. § 924(c)—an amendment that was already in effect when he was convicted and sentenced, not any type of retroactive change in the law that would justify a § 2241 remedy. Indeed, neither of Adams's two main arguments, [*see id.* (laying out Adams's "bifurcate[d]" analysis], direct the Court to any intervening and retroactive interpretations of statutory law that apply to his case, not to mention the other requirements set forth in *Wooten v. Cauley* that must be satisfied before the savings clause is triggered. *See* 677 F.3d at 307-08. Instead, the petition attempts to litigate arguments that Adams needed to make on direct appeal or in a § 2255 petition. *Cf. Mallard v. United States*, 82 F. App'x 151, 153 (6th Cir. 2003); *Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014). The savings clause set forth in § 2255(e) does not apply.

Accordingly, the Court hereby **ORDERS** as follows:

1. Adams's motion for leave to proceed *in forma pauperis* [R. 2] is **GRANTED** and payment of the $5.00 filing fee in this matter is **WAIVED**;

2. Adams's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

3. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

4. Judgment shall be entered contemporaneously herewith.

This the 27th day of August, 2018.

Gregory F. Van Tatenhove
United States District Judge